NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDELARIA DEL CARMEN CALDERON PALACIOS, AKA Candeleria del Carmen Calderon-Gutierrez; KATHERINNE NICOLLE CONTRERAS CALDERON, AKA Katherinne Nicole Contreras Calderon, | No. 20-71345 |
| | Agency Nos. A208-260-550 A208-260-551 |
| Petitioners, | |
| | MEMORANDUM* |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2026**
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and BRESS, Circuit Judges.

Candelaria Del Carmen Calderon Palacios and Katherinne Nicolle Contreras

Calderon ("Petitioners"), are a mother and daughter from El Salvador who seek

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their claims for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We review the agency's factual determinations for substantial evidence, *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025), and we deny the petition.

The IJ found the Petitioners credible but denied the applications for asylum and withholding of removal because of the lack of a nexus to a protected ground.[1] Although Candelaria had been an unfortunate victim of crime and Katherinne of unwanted sexual attention and attempts to involve her in drug trafficking, generalized violence is not a basis for asylum and neither demonstrated they had been targeted because of their proposed social group. The IJ further denied protection under CAT, concluding there was insufficient evidence to establish that the government was unable or unwilling to protect them from private actors.

The BIA affirmed the denial of relief, finding no clear error in the IJ's determinations regarding the motives of the attackers of either woman. The BIA acknowledged the women's experiences were upsetting but concluded that "absent a nexus to a protected ground, the respondents have only presented claims based upon criminal victimization, which . . . is insufficient to establish persecution within

---

[1] Petitioners sought asylum based on membership in a particular social group, namely the "family of [co-petitioner Katherinne]."

2

the meaning of the Act."[2] The BIA also affirmed the denial of CAT protection, concluding Petitioners had not demonstrated a likelihood that a public official would acquiesce in their feared torture.

Substantial evidence supports the BIA's decision. Asylum and withholding of removal require a nexus to a statutorily protected ground. *Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir. 1997). A "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). "The lack of a nexus to a protected ground is dispositive of [their] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Similarly, the evidence does not compel the conclusion that Petitioners would more likely than not be tortured upon return to El Salvador, or that the government would aid or acquiesce in their torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION DENIED.**

---

[2] Petitioners assert that the BIA erred by not considering their proposed social groups of "gender" and a more general group of "family," but the BIA correctly noted these groups were not proposed to or addressed by the IJ and declined to address the new groups on appeal. *See Matter of W-Y-C & H-O-B-*, 27 I. & N. Dec. 189, 190–92 (BIA 2018). We are similarly precluded from addressing unexhausted claims. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023) (even though non-jurisdictional, exhaustion is a claim-processing rule); *Suate Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("A claim processing rule is mandatory in the sense that a court must enforce the rule if a party properly raises it.").